**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Brent Fitzgerald Duke,

Plaintiff,

v.

Charles L. Ryan, *et al.*,

Defendants.

No. CV-19-08209-PCT-JJT (JFM)

**ORDER**

At issue is the Report and Recommendation (Doc. 190) ("R&R") submitted in this matter by United States Magistrate Judge James F. Metcalf, recommending the Court dismiss with prejudice the pending Amended Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 43). In the R&R, Judge Metcalf warned Petitioner he had 14 days from the date of its service to file any objections thereto, and failure to timely file any objections will be considered a waiver of Petitioner's right to appellate consideration of the issues *per United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), and a waiver if his right to appellate review of any findings of fact and conclusions of law the Court adopts in this Order pursuant to the R&R, per Fed. R. Civ. P. 72. (R&R at 22.)

It has been well over 14 days since entry of the R&R and Petitioner filed no objections; he therefore has waived the above rights, and the Court is entitled to accept the R&R without further review. Even if the Court reviewed the R&R on its merits, however, it would conclude that Judge Metcalf's exhaustively thorough recommendations and findings are all legally sound and supported by the record.

Judge Metcalf correctly concluded in the R&R that Petitioner did not raise the actual innocence claim he attempts to put before this Court—lack of *mens rea*—in his July 2017 state petition for post-conviction relief; nor did he assert any claim of actual innocence under federal law before the state court on PCR review. Rather, Petitioner raised only a claim under state law, which is insufficient under the ample law Judge Metcalf cited in the R&R and which the Court will not repeat here. Because Judge Metcalf also correctly determined Respondents failed to demonstrate that claims Petitioner failed to exhaust in state court were defaulted, he correctly reasoned this Court should not dismiss the Petition on such grounds, but also correctly concluded that the Court should nonetheless reach the merits and dispose of the Petition on said merits. And Finally, Judge Metcalf's analysis is sound in his conclusion that Petitioner's actual innocence claim here is foreclosed by what Judge Metcalf demonstrates is a valid, knowing and voluntary guilty plea. Petitioner's conclusory allegations of coercion do nothing to overcome the record evidence of the plea's validity.

**IT IS ORDERED** adopting the Report and Recommendation (Doc. 190) including its underlying reasoning.

**IT IS FURTHER ORDERED** dismissing with prejudice the Amended Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 43).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability, upon the Court's finding that reasonable jurists would not find this Court's assessment of Petitioner's constitutional claims debatable, nor would they find it debatable whether the Court was correct in its procedural ruling, to the extent this ruling is viewed as procedural.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

Dated this 2nd day of November, 2021.

Honorable John J. Tuchi
United States District Judge